

NUMBERS       13-14-00269-CR
              13-14-00270-CR
              13-14-00272-CR

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

VICTOR CAMPOS,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                              **Appellee.**

**On appeal from the 148th District Court
of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria
Memorandum Opinion by Justice Rodriguez**

Upon open pleas of guilty, the trial court found appellant Victor Campos guilty of

three counts of possession of a controlled substance in trial court cause numbers 13-CR-

2692-E (cocaine), 13-CR-2693-E (cocaine), and 13-CR-3446-E (marijuana), [1] the offenses ranging from state-jail to third-degree felonies.[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(b), (c) & 481.121(a), (b)(3) (West, Westlaw through Ch. 46, 2015 R.S.). Punishment in each case was tried to the court. The trial court sentenced Campos to ten years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) for possession of cocaine, a third-degree felony. It also sentenced Campos to two years in the state-jail division of the TDCJ for possession of cocaine and to two years for unlawful possession of marijuana, both state-jail felonies. The court ordered all sentences to run concurrently, with credit for time served. On appeal, Campos's counsel concludes, "the proceedings show no non-frivolous matters that might be successfully appealed." We affirm the judgments of the trial court.[3]

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, Campos's counsel filed a brief stating that, after a review of the entire record, he has "determined that there are no non-frivolous issues applicable to this case." *See* 386 U.S. 738, 744–45 (1967). Counsel's brief meets the

---

[1] The respective appellate cause numbers are 13-14-00269-CR, 13-14-00270-CR, and 13-14-00272-CR.

[2] On July 1, 2014, this Court granted Campos's motion to consolidate four trial court cause numbers for purposes of appeal. The four cases included Campos's three convictions for possession of a controlled substance and his conviction for burglary of a habitation with the intent to commit a felony in trial court cause number 13-CR-2691-E, for which he was sentenced to forty-five years in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (d) (West, Westlaw through Ch. 46, 2015 R.S.). Campos appealed the burglary-of-a-habitation conviction in appellate cause number 13-14-00271-CR. On July 16, 2015, by separate order issued in that case, we abated that appeal for appointment of new counsel and for briefing of any issues counsel believes have merit. Accordingly, this opinion only addresses the three remaining causes.

[3] Although we abated the burglary-of-a-habitation case for further briefing, we will address the remaining controlled-substance convictions in this single opinion.

2

requirements of *Anders* as it presents a professional evaluation showing why there are no meritorious grounds for advancing any appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), counsel has demonstrated that he has complied with the requirements of *Anders* by discussing why, under controlling authority, any appeal from the judgments would be without merit and frivolous. Counsel has informed this Court, in writing, that he has: (1) notified Campos that counsel has filed an *Anders* brief and has requested that we allow him to withdraw as counsel; (2) provided Campos with copies of the pleadings; (3) informed Campos of his right to file a pro se response,[4] to review the record preparatory to filing that response, and to seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided Campos with a form motion for pro se access to the appellate record, with instructions to file the motion within ten days. *See Anders*, 386

---

[4] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

U.S. at 744; *Kelly*, 436 S.W.3d at 318–19; *Stafford*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. On January 17, 2015, Campos filed a motion for pro se access to the record on appeal. We abated the appeals and ordered the trial court to provide Campos with an opportunity to fully examine the appellate record. We also informed Campos that a pro se response would be due thirty days from the date he received the record. Campos acknowledged receipt of the record from the trial court on February 27, 2015. We reinstated the appeals on April 28, 2015. Adequate time has passed, and Campos has not filed any pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Pension v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record of each of the controlled-substance cases, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court in cause numbers 13-CR-2692-E, 13-CR-2693-E, and 13-CR-3446-E.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has asked this Court to grant his motion to withdraw as counsel for Campos in each case for which he was convicted of possession

4

of a controlled substance.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motion to withdraw that this Court carried with the case on February 3, 2015, in appellate cause numbers 13-14-00269, 13-14-00270-CR, and 13-14-00272-CR.   Within five days of the date of this Court's opinion, we order counsel to send a copy of the opinion and the judgments to Campos and to advise Campos of his right to pursue petitions for discretionary review.[5] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

---

[5] No substitute counsel will be appointed.   Should appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file petitions for discretionary review or file pro se petitions for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.   *See id.* at R. 68.3.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See id.* at R. 68.4.